**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**George E. RIGGS, Jr., Jefferson County, Respondent.**

**No. 90–SC–53–KB.**

Supreme Court of Kentucky.

July 26, 1990.

Rehearing Denied Sept. 27, 1990.

## OPINION AND ORDER

STEPHENS, Chief Justice.

The Board of Governors of the Kentucky Bar Association has found respondent, George E. Riggs, Jr., guilty of unethical and unprofessional conduct tending to bring the bench and bar into disrepute and has recommended, by a vote of 12 to 3, that he be suspended from the practice of law for a period of six months. Three board members would have imposed a public reprimand only.

The respondent was engaged in 1977 as counsel by Patricia White, the widow of Bryant White, who qualified as the executrix of his estate. She died in 1983, and the respondent qualified as the administrator of her estate, and since no settlement had been made of the estate of Bryant White, respondent qualified as administrator, with the will annexed, of the estate of Bryant White.

As of the date of the hearing before the trial commissioner, on March 30, 1989, the respondent had not filed a final settlement of the estate of Bryant White, nor had he filed a fiduciary income tax return for that estate. The failure to file timely an inheritance and state tax return for the estate of Patricia White resulted in the assessment of a penalty of $7,818.94, for which the respondent acknowledged a responsibility to reimburse the estate; but as of the date of the trial commissioner's hearing, he had not done so. On more than one occasion the respondent received notices from the Jefferson District Court regarding delinquencies in matters pertaining to his handling of the estates.

Counsel for the residual beneficiary of the estate wrote respondent in January, 1987, requesting an explanation of the delay in distributing the assets, and wrote again on March 31, 1987, and February 15, 1988 requesting distribution of the assets. Finally, on March 15, 1988, the attorney wrote the respondent that unless a satisfactory response was forthcoming, the residual beneficiary would have no recourse but to employ legal counsel to protect her interest and suggested that the matter might be referred to the local bar panel.

The respondent attempted to justify his handling of the estate matters by showing the great difficulties he encountered, including attempts to locate lost stock certificates, difficulty in cashing a foreign certificate of deposit, and the lack of cooperation from Mrs. Patricia White.

Nevertheless, the respondent admitted that his work as a certified public accountant prevented him from devoting time to the case during the tax season of each year, and in retrospect, conceded some justification for complaint by the client.

The evidence of record substantially supports the findings of the trial commissioner and the action of the Board of Governors in finding that the respondent failed to act competently in handling the two estates, neglected a legal matter entrusted to him, did not promptly pay or deliver to the beneficiary the estate assets, and did not maintain complete records nor render appropriate accounts.

We adopt the recommendation of the Board of Governors of the Kentucky Bar Association that respondent be suspended from the practice of law in Kentucky for a period of six months.

Accordingly, it is ORDERED that:

1. The respondent is hereby suspended from the practice of law in the Commonwealth, as of the date of this order, for a period of six months and is directed to pay the costs of this action.

2. Within ten days from the date of the entry of this order, the respondent shall notify all courts in which he has matters pending and all clients for whom he is actually engaged in litigation and similar legal matters, of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail, and he shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

STEPHENS, C.J., and GANT, VANCE and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents by separate opinion, and COMBS and LEIBSON, JJ., join in the dissenting opinion.

LAMBERT, Justice, dissenting.

I dissent from the opinion and order of the Court to express my view that the punishment imposed is too severe.

There is no dispute that respondent took an excessive amount of time in discharging his duties as attorney for the decedents' estates. This fact is mitigated, however, by lack of client cooperation in one instance and bona fide complexity of the estates in both instances. Significantly, there is no suggestion that respondent dealt improperly with any client funds or engaged in self-dealing. Moreover, prior to oral argument before the Board of Governors, respondent reimbursed the estate for the amount of the tax penalty imposed by the Kentucky Revenue Cabinet. Three members of the Board of Governors voted for a public reprimand and the trial commissioner who heard the evidence found the existence of mitigating factors in respondent's conduct.

Respondent is fifty-seven years of age, a member of the Kentucky Bar Association for twenty-five years without any previous disciplinary action, and a Certified Public Accountant. SCR 3.380 authorizes imposition of various degrees of discipline upon a finding of guilt of unprofessional conduct. While the finding of guilt in this case is not unreasonable, a suspension from the practice of law is. Upon the facts presented, the Board of Governors and this Court's majority have imposed one of the most severe forms of discipline rather than imposing a private reprimand or a public reprimand. When confronted with a disciplinary proceeding, in the absence of moral turpitude, wherein it appears that the attorney has made an honest mistake, we should take the opportunity to admonish appropriately but refrain from imposing punishment which will seriously disrupt the professional life of the attorney involved.

This would be a perfect case for imposition of a public reprimand. Due to neglect, agreed upon legal services were not timely performed, but the lawyer involved has a record which is otherwise unsullied and no appreciable harm came to the client. I would wager that upon the basis of a public reprimand, this lawyer would be forever admonished and that no further difficulties would be encountered.

COMBS and LEIBSON, JJ., join in this dissent.